```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

JAMES E. VAN HOUTEN,

        Plaintiff,

                              CIVIL ACTION
  vs.                        No. 08-3023-SAC

DEANNA MORRIS, et al.,

        Defendants.

JAMES E. VAN HOUTEN,

        Plaintiff,

                              CIVIL ACTION
  vs.                        No. 08-3114-SAC

WANDA BOKOR, et al.,

        Defendants.

**ORDER**

This matter is a consolidated action filed pursuant 42 U.S.C. § 1983. It comes before the court on defendants' motion for summary judgment (Doc. 16). Plaintiff filed no response.

**Background**

Plaintiff, a prisoner in state custody, alleges he was denied constitutionally adequate medical care. The defendants

are health care personnel employed by Correct Care Services. Plaintiff specifically alleges defendants violated his rights by their failure to provide him appropriate medication following a positive test for tuberculosis; failure to treat a staph infection; a denial of X-rays, pins for broken bones, and treatment for tuberculosis, hepatitis, and HIV; and the failure to provide him with extra vitamins and soap.

### Discussion

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court views the evidence and draws reasonable inferences in the light most favorable to the nonmoving party. *Sanders v. SW Bell Tel., L.P.*, 544 F.3d 1101, 1104 (10th Cir. 2008).

Defendants move for summary judgment on the grounds plaintiff failed to exhaust available administrative remedies and that his claim of constitutionally inadequate medical care is unsupported.

Pursuant to the rules of this court, a response to a motion for summary judgment shall be filed and served within 23 days.

D.Kan. R. 6.1(d)(2).  Where no response is filed within the allotted time, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  D. Kan. R. 7.4.

Plaintiff has not filed a response.  The court has considered the *Martinez* report, which states there is no record plaintiff pursued the administrative grievance procedure for any of the claims presented in his complaint.  (Doc. 15, *Martinez* report, pp. 7-8 and Ex. V, Greenwell affidavit.)

The Prison Litigation Reform Act requires a prisoner to exhaust administrative remedies before pursuing an action under § 1983 in federal court.  42 U.S.C. § 1997e(a).  Although plaintiff appears to assert that exhaustion is no longer a requirement,[1] that is not the case.  Rather, the failure to exhaust now is recognized as an affirmative defense, rather than a pleading requirement.  *See Jones v. Bock*, 549 U.S. 199 (2007)("[F]ailure to exhaust is an affirmative defense under the PLRA ....").  Where, as here, a defendant points out that a prisoner failed to pursue available grievances, the failure is grounds for dismissal of an action.

---

[1] *See* Doc. 1, Complaint, p. 6, where plaintiff states "It's a[n] affirmative defense that exhaustion is no longer a requirement."

The defendants' motion also seeks summary judgment on the ground plaintiff cannot establish that defendants acted with the requisite deliberate indifference to his serious medical needs.

Prison officials violate the Eighth Amendment where their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)(internal punctuation omitted).

To establish an Eighth Amendment violation, a prisoner must meet both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious," *i.e.,* one that "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component is met if the prisoner shows the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000).

Not every claim of inadequate medical treatment states a claim of constitutional dimension.  A claim of medical malpractice or negligence does not allege a federal constitutional

4

violation. *Estelle,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")  Likewise, a prisoner's disagreement with the medical treatment offered does not amount to a constitutional violation.  *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980)("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment").

Examined in light of these standards, plaintiff's claims fail to allege a colorable claim for relief.

First, plaintiff claims he was denied HIV medications. That fact is not contested.  However, because the record shows plaintiff tested negative for HIV on multiple occasions (Doc. 15, Exs. A-D), there is no arguable basis for providing him treatment for that condition.

Next, plaintiff alleges he was not provided adequate treatment for tuberculosis.  The record shows plaintiff was treated for lung problems on three occasions (Exs. E-H); however, the record also shows plaintiff discontinued treatment and refused to allow an assessment of his respiratory condition (Ex. I).  In December 2007, plaintiff was seen by defendant Bokor for complaints of coughing and asthma symptoms and

received a prescription (Ex. J). One month later, he failed to appear for a medical appointment to evaluate his complaint of tuberculosis (Ex. K). In April 2008, he completed a questionnaire in which he denied having had any symptoms of tuberculosis in the preceding months (Ex. M). This record does not reasonably support a claim of untreated tuberculosis.

Plaintiff also alleges he was denied treatment for broken bones, although he does not specifically identify any untreated fracture. The record shows, however, that plaintiff was evaluated on at least three occasions. In July 2007, his right hand was x-rayed. A fracture was found, and plaintiff was treated with a plaster splint. In September 2007, plaintiff's right foot was x-rayed but was found to be normal. In December 2007, plaintiff sought an x-ray for a complaint of broken ribs. He was examined but was not given an x-ray. In January 2008, plaintiff's neck was x-rayed but found to be normal. These evaluations were conducted by a number of different health care practitioners. (Ex. N.) Having considered the record, the court finds no instance which reasonably might be construed as deliberate indifference. It is apparent staff responded to plaintiff's complaints in every instance. While plaintiff did not always receive the specific diagnostic measure he desired, he states no more than a difference of opinion with staff.

Plaintiff also complains he was denied treatment for a staph infection. The record shows plaintiff complained of a rash on his buttocks in June 2007. He received antibiotics and antibacterial soap, and the condition resolved (Ex. O). In September 2007, he again complained of the rash. Defendant Bokor evaluated the condition and gave plaintiff an antibiotic and antibacterial soap (Ex. P). In October 2007, defendant Bokor again saw plaintiff after he suffered a ruptured boil. Plaintiff was diagnosed with probable MRSA[2] and a protocol for that condition was implemented (Exs. Q-R). Plaintiff made no further complaint about a skin condition until February 2008 (Ex. S). At that time, he again was provided soap and an antibiotic. Medical records from March 2008 show plaintiff had no signs of an MRSA infection at that time. (Ex. T.)

The record does not support a claim of deliberate indifference to a staph infection. Medical personnel addressed plaintiff's complaints by providing examinations, soap, and medication.

---

[2] MRSA, meticillin-resistant staphylococcus aureus, is a staph infection that is highly resistant to treatment with antibiotics.

## Conclusion

Viewing the uncontested record in the light most favorable to the plaintiff, the court concludes plaintiff states no claim for relief. The uncontested record shows plaintiff did not pursue administrative remedies to address his complaints. The record also shows plaintiff received medical attention in response to his complaints. Any lapses in medical care were due to plaintiff's own failure to appear for scheduled appointments. There is no evidence that defendants acted with deliberate indifference to any complaint presented by the plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion for summary judgment (Doc. 16) is granted. This matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED the motion for a common answer date (Doc. 10) is denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of January, 2009.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge